E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
TRITIA L. YUEN (Cal. Bar No. 255468)
Assistant United States Attorneys
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6222
     Facsimile: (951) 276-6202
     E-mails:  tritia.yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RIGOBERTO FIGUEROA-BAEZ,<br><br>　　　　Defendant. | ED CR No. 21-111-AB<br>ED CR No. 18-226-AB<br><br>GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT RIGOBERTO FIGUEROA-BAEZ<br><br>Sentencing Date:　Dec. 9, 2022<br>Sentencing Time:　1:30 p.m.<br>Location:　Courtroom of the Hon. Andre Birotte Jr. |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Tritia L. Yuen, hereby files its Sentencing Position regarding defendant Rigoberto Figueroa-Baez.

This Sentencing Position is based upon the attached Memorandum of Points and Authorities, the files and records in this case, the United States Probation Office's Presentence Investigation Report and such further evidence and argument as the Court may permit.

Dated: November 25, 2022           Respectfully submitted,

                                    E. MARTIN ESTRADA
                                    United States Attorney

                                    SEAN D. PETERSON
                                    Assistant United States Attorney
                                    Chief, Riverside Branch Office

                                                  /s/
                                    TRITIA L. YUEN
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to a written plea agreement, defendant RIGOBERTO FIGUEROA-BAEZ ("defendant") pled guilty to Count One of the Indictment, which charged him with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine.  Defendant sold an individual whom he believed to be a customer, but who was in fact a confidential source working with law enforcement, approximately 44.2 kilograms of methamphetamine.

Also pursuant to the plea agreement, defendant admitted allegations two and three of the Petition for Action for Court for Cause regarding the revocation of defendant's supervised release in United States v. Baez-Perez, ED CR 18-226-AB.  Defendant was on supervised release for his 2018 conviction for Illegal Alien Found in the United States Following Deportation.  (PSR ¶ 53.)  The Court sentenced defendant to 18 months' custody and three years of supervised release for that offense.  (Id.)

The government agrees with the United States Probation and Pretrial Services Office (the "USPPSO") that the base offense level is 34, pursuant to U.S.S.G. § 2D1.1(c)(1), (a)(5), and that he should receive a two-level reduction for minor role pursuant to U.S.S.G. § 3B1.2.  (PSR ¶¶ 24-27, 31-33.)  The government also agrees with the USPPSO's determination that defendant is in Criminal History Category V based on 12 criminal history points.  (PSR ¶ 56.)  However, in light of United States v. Lopez, 988 F.3d 431 (9th Cir. 2021), defendant is eligible for the safety valve notwithstanding his substantial criminal history, and the 10-year mandatory minimum sentence does not apply.  With the application of the safety valve,

the resulting total offense level is 27. At criminal history category V, the resulting guidelines range is 120-150 months.

The government respectfully requests the Court sentence defendant to a mid-range sentence of 140 months' imprisonment, followed by a five-year term of supervised release, and a $100 special assessment. A sentence of 140 months' imprisonment is warranted based on defendant's background and role in the offense, which involved large quantities of methamphetamine, his substantial criminal history, and to avoid sentencing disparities, among other reasons.

**II. STATEMENT OF FACTS**

In the written plea agreement and at the change of plea hearing, defendant admitted committing the offense charged in Count One of the Indictment. These facts are found in paragraph 14 of the plea agreement, and are summarized here:

Defendant participated in a conspiracy beginning on an unknown date, and continuing until on or about April 15, 2021, to knowingly and intentionally distribute and possess with intent to distribute 44.2 kilograms of methamphetamine. The investigation started when a confidential source ("CS") working with DEA arranged to purchase drugs from a drug broker. The drug broker gave defendant's phone number to the CS. Thereafter, defendant called the CS and arranged for the CS to purchase 100 pounds of methamphetamine for $150,000 on April 15, 2021.

On April 15, 2021, the CS and defendant met at the Ontario Mills Mall. Defendant provided the CS with instructions on where to meet by telephone. When they met, defendant had approximately 113 pounds of methamphetamine in two duffel bags and a cardboard box in the

trunk of his vehicle.  The drugs were approximately 44.2 kilograms of pure methamphetamine.

### III. SENTENCING GUIDELINES CALCULATIONS: RANGE OF 120 to 150 MONTHS

The government submits that the appropriate sentencing guidelines calculation, including that, under Lopez, defendant is safety valve eligible,[1] yields a total offense level of 27.  The guidelines calculation is as follows:

| Base Offense Level: | 34 | U.S.S.G. § 2D1.1(a)(5), (c)(1) |
|---|---|---|
| Specific Adjustment: Safety Valve | -2 | U.S.S.G. § 2D1.1(b)(18) |
| Specific Adjustment: Minor Participant | -2 | U.S.S.G. § 3B1.2(b) |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Total: | 27 | |

(PSR ¶¶ 21-39.)  The defendant falls within Criminal History Category V for accumulating 12 criminal history points.  (Id. ¶¶ 54-56.)  The

---

[1] The government preserves its argument that Lopez was wrongly decided.  Before the Ninth Circuit's recent decision in Lopez, it was the government's view that defendant's 12 criminal history points precluded him from establishing safety-valve eligibility because he could not show that he "did not have . . . more than 4 criminal history points."  See 18 U.S.C. § 3553(f)(1)(A); see also United States v. Mejia-Pimental, 477 F.3d 1100, 1104 (9th Cir. 2007) (defendant has burden to prove safety-valve eligibility).  However, under Lopez, 18 U.S.C. § 3553(f)(1) is satisfied unless a defendant fails to meet all three of the criminal history requirements in § 3553(f)(1).  See Lopez, 998 F.3d at 433 ("[Section] 3553(f)(1) bars a defendant from safety-valve relief only if that defendant has each of (A) more than four criminal[]history points, (B) a prior three-point offense, and (C) a prior two-point violent offense.").  The government's petition for en banc review in Lopez remains pending before the Ninth Circuit, and the panel opinion in Lopez now conflicts with published precedents from the Fifth, Seventh, and Eighth Circuits.  United States v. Palomares, 52 F.4th 640 (5th Cir. 2022); United States v. Pace, 48 F.4th 741 (7th Cir. 2022); United States v. Pulsifer, 39 F.4th 1018 (8th Cir. 2022).  Accordingly, the government concedes that Lopez is currently binding precedent in this Circuit, but preserves the argument that the panel decision was wrongly decided and that defendant should not be safety-valve eligible.

resulting Guidelines range based on an offense level of 27 within Criminal History Category V is 120 to 150 months' imprisonment.

**IV. A VARIANCE BASED ON METHAMPHETAMINE MIXTURE GUIDELINES IS NOT WARRANTED**

Defendant argues for a variance based on the methamphetamine guidelines based on concerns that the Sentencing Commission did not use an empirical approach to developing the drug-trafficking guidelines. (Def. Pos. 6-7.) Although the Court has the discretion to vary downward on this basis, the government submits that such a variance is not appropriate in this case. See Spears v. United States, 555 U.S. 261, 262 (2009) (holding that district courts could vary from the crack cocaine guidelines based on policy disagreements); see also Kimbrough v. United States, 552 U.S. 85 (2007); United States v. Carillo, 440 F. Supp. 3d 1148, 1153-1156 (E.D. Cal. 2020) (analyzing cases with policy disagreements with the methamphetamine guidelines and declining to grant a variance on this basis). Although defendant properly should receive an adjustment for being a minor participant, he still played a significant role in the offense. He communicated directly with the drug customer and negotiated the price of $150,000 for approximately 100 pounds of methamphetamine. The significant quantity of methamphetamine involved in the deal he coordinated reveals the degree to which his coconspirators trusted him. Cf. Carillo, 440 F. Supp. 3d at 1154 (discussing the importance of a defendant's culpability in the offense rather than only emphasizing the quality and purity of the drugs); United States v. Johnson, 379 F. Supp. 3d 1213, 1220 (M.D. Ala. 2019) ("the offender's role in the crime is more useful for determining culpability than the quantity of drugs involved.").

Accordingly, given his role and the circumstances of the offense, a variance based on the methamphetamine guidelines is not warranted.

**V.   GOVERNMENT'S RECOMMENDED SENTENCE: 140 MONTHS' IMPRISONMENT AND 5 YEARS' SUPERVISED RELEASE**

The Sentencing Guidelines are the "starting point and the initial benchmark" for sentencing. United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008). After calculating the Guidelines range, the Court must consider "the nature and circumstances of the offense," and "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court should then consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2). The Court should impose a sentence that is sufficient, but not greater than necessary, to satisfy these statutorily prescribed sentencing objectives. 18 U.S.C. § 3553(a).

**A.   140 Months' Sentence Appropriate Based on Nature of the Offenses and Defendant's History and Characteristics**

A court should consider the nature and circumstances of the offense and the history and characteristics of defendant. See 18 U.S.C. § 3553(a)(1). A sentence of 140 months' imprisonment is

5

appropriate because of the significant amount of drugs defendant possessed with intent to sell to the CS.  In addition, defendant's lengthy criminal history includes multiple convictions related to narcotics and his repeated illegal reentries into the United States. He was most recently before this Court in 2018, at which time he was advised that he could not reenter the United States.  Nevertheless, he not only reentered the United States, but engaged in criminal conduct thereafter.

In his sentencing paper, defendant notes that he owns property in Mexico and intends to return there when released from custody. (Def. Sent. at 2, 6, 10.)  However, Exhibit D to defendant's sentencing position paper indicates that he has possessed this land since October 18, 2002, with the certificate being recorded on July 16, 2009.  (Def. Sent. Ex. D).)  This pre-dates his three prior illegal reentry offenses.  (PSR ¶¶ 50-53.)  This suggests that simply having options for where to live and how to make a livelihood in Mexico are not enough to keep defendant from illegally reentering the United States or engaging in drug trafficking offenses in the United States.  (PSR ¶ 53.)

While the government believes that a sentence of time served with no supervision to follow is appropriate for the supervised release violation in Case No. ED CR 18-226-AB due to defendant's acceptance of responsibility on both cases, a significant amount of time in custody in this case is still needed.  A custodial term of 140 months' imprisonment would be the low-end of the guidelines range had defendant not qualified for safety valve.  It is an appropriate sentence that properly reflects defendant's history, characteristics, and conduct.

### B. Unwarranted Disparities Can be Avoided by Imposing a Sentence within the Guideline Range

The Court should minimize sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6). One way courts ensure consistent sentences for similarly situated defendants across the country is by applying the Guidelines uniformly. See United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges."). A Guidelines-sentence is appropriate where a defendant, as in this case, does not fall outside the "'minerun of roughly similar cases' considered by the Sentencing Commission in formulating the Guidelines." Carter, 560 F.3d at 1121-22. A within-Guidelines-range sentence of 140 months' imprisonment appropriately reflects defendant's culpability and history.

**VI. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to 140 months' imprisonment followed by a 5-year term of supervised release, and a $100 special assessment.

**CERTIFICATE OF SERVICE**

I, Rae Costa, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT RIGOBERTO FIGUEROA-BAEZ**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By email delivery, as follows: **SEE ATTACHED**

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **November 25, 2022**, in Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.

/s/
Rae Costa
Legal Assistant

**ATTACHMENT**

USPO Officer Jonathan Bernal
Sonya_Avagi@cacp.uscourts.gov